

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 97 C 6502 | DATE | 9/17/2002 |
| CASE TITLE | U.S.A. ex rel: Bidani etc. Vs. Edmund J. Lewis etc. et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Motions in limine nos. 156-1, 160-1, 161-1, 162-1, 164-1, 165-1, 167-1 and 168-1 are granted. Motions in limine nos. 155-1, 157-1, 159-1, and 166-1 are granted in part and denied in part. Motions in limine nos. 151-1, 152-1, 153-1, 154-1, 158-1, 163-1, and 169-1 are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 19 2002 | |
| | Notified counsel by telephone. | | date docketed | 199 |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing dpty initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 02 SEP 18 PM 4:15 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, ex rel ANIL K. BIDANI, M.D., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 97 C 6502 |
| EDMUND J. LEWIS, M.D., AMERICAN MEDICAL SUPPLY CORPORATION, and CIRCLE MEDICAL MANAGEMENT CORPORATION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this ongoing epic, now inherited by this court, a pending summary judgment may bring it to an end, but, then again, it may not. In the meantime, we have pending some 19 old motions, all of which assume the case will go to trial. Since it may, and since the motions are now rather ancient, we choose to rule.

1. Plaintiff's motion to bar the testimony of Pristave and Riley is denied. The state of mind of Dr. Lewis has been a central issue in the case, and what he believed about the necessity of reporting discounts, including any advice from his attorneys, has been the subject of discovery and discussion by Judge Hart. The attorneys cannot testify about what the law requires. They can testify about what they then thought the law required to the extent it bears upon the advice they are likely to have given.

2. Plaintiff's motion to bar testimony regarding Dr. Lewis' competence or achievements as a physician or scientist is denied, but with a caveat. The jury is entitled to

know something about Dr. Lewis so as to evaluate his state of mind. They are entitled to know that he devoted much of his time to his practice and research, as opposed to his activities as an entrepreneur, and they may be informed of the extent to which he relied upon others for business decisions. That does not mean, however, that defendants may dwell upon his accomplishments to an excessive extent. The motion to exclude exhibits is denied, for now. Admission should be ruled upon in the context of trial.

3. Plaintiff's motion to bar the testimony of Noble and certain exhibits is granted in part and denied in part. Noble's experience makes him well qualified to explain the differences between Part A and Part B reimbursement methodology and its application to this case. We have not been furnished with Exhibit 14. At this juncture, Noble has denied any personal recollection of this matter. Without knowing more, we deny for now admission of Exhibit 14. And, for now, we deny the admission of the government's declining to intervene. That is subject to a variety of inferences, most of them neutral, and we are inclined to consider its admission an "unwonted thumb on the scales."

4. Plaintiff's motion to bar defendant from calling the relator and his attorney is denied. That they were unsure of the illegality of the reporting (and relator acted for some time on the assumption that the transactions were legal) is a basis for arguing that defendant did not understand the reporting to be illegal.

5. Plaintiff's motion to strike affirmative defenses is, for now, denied. That plaintiff must prove violations by Dr. Lewis to hold him liable is true enough, and plaintiff does not contend otherwise. That AMS and Dr. Lewis can be jointly and severally liable if they both violate FCA is also true enough, and defendants do not contend otherwise. The Eleventh

Affirmative Defense stands. The other attacks on affirmative defenses are partly argued here and partly, we are told, in trial briefs. As a judge new to the case we are unwilling to rule solely on the basis of the rather sketchy presentations in the motion papers. Accordingly, we will not strike the other affirmative defenses now but we will revisit the matter upon the filing of briefs that focus on the issues and include all the material the parties wish to submit.

6. Defendants' motion barring, with one exception, references to other litigation in which they have been involved, is granted in part and denied in part. The existence of other litigation is not, in and of itself, evidence that the allegations are true. Evidence that turns up in those litigations may or may not be admissible, whether as admissions, impeachment material or otherwise. But those are rulings best left to trial. We do note, however, that evidence of other conduct is severely limited by Federal Rules of Evidence 404 and 608, and this court will reject any efforts to prove the allegations of another lawsuit.

7. Defendants' motion to bar the video deposition testimony of Larry Day is, for now, denied. Plaintiff has advanced reasons why a limited portion of that testimony is relevant. In the absence of any rejoinder by defendants we are not prepared to bar that portion.

8. Defendant's motion to bar any suggestion that relator's counsel represents the government or the government endorses this action is granted in part and denied in part. We expect to explain to the jury what a *qui tam* action is. The parties shall not, however, suggest that the government has any position as to the merits of this action.

9. Defendants' motion to exclude facts relating to materiality not previously disclosed in response to defendants' first set of interrogatories is, for now, denied. Whether or not a failure to report discounts was material is the subject of the summary judgment motion not

yet fully briefed.

10. Defendants' motion to bar evidence relating to counts which have either been dismissed or which have been rejected by the court is denied. Whether any of that evidence is relevant to the pending claim is best left to trial.

11. Defendants' motion to bar relator's reliance on certain materials and damages claims outside the statute of limitations is granted in part and denied in part. Plaintiff is entitled to rely upon defendants' own business records and should not be prejudiced because those records are not wholly complete. The claim here is that defendants had an obligation to report discounts and failed to do so. That claim arose when the request for payment was submitted. Thus, submissions prior to September 15, 1991, are time-bared.

12. Defendants' motion to exclude any and all references to or evidence of the identity or alleged state of mind of any patient is granted. The use of initials and identification numbers is permissible. We see no relevance to any evidence relating to a patient's state of mind, which is a matter different from the methodology of the business.

13 and 14. Defendants' motion to exclude any and all references to or evidence reflecting Lewis' personal income, and their motion to exclude any and all references to or evidence of the overall profits earned by AMS, are granted, but with a caveat. The jury is entitled to know how AMS operated; that it was wholly owned by Lewis; that it submitted claims to Medicare for very considerable amounts; and that those claims were for amounts, cumulatively, well in excess of the amount AMS paid suppliers. That will sufficiently apprise the jury that Lewis had a large stake in the enterprise. We do not believe that his other income or return on investments is sufficiently relevant to be admissible.

15-19. Defendants' motions to exclude any and all references to or evidence of the overall profits earned by Edmund J. Lewis & Associates, S.C.; to exclude any and all references to or evidence reflecting the real or personal property of any witness or party; to exclude the testimony of any witness not previously disclosed; to exclude any and all references to or evidence reflecting the marital status or family affairs of any witness or party; and to exclude any and all references to or evidence of the overall profits earned by CMM are granted, there being no opposition to those motions.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 17, 2002.