## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 6502 | **DATE** | 3/4/2003 |
| **CASE TITLE** | U.S.A. ex rel: Anil K. Bidani, M.D. vs. Edmund J. Lewis et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion for summary judgment is denied. (194-1) Status hearing set for March 18, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 0 5 2003 | |
| | Notified counsel by telephone. | | date docketed | 215 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, ex rel., and ANIL K. BIDANI, M.D., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 97 C 6502 |
| EDMUND J. LEWIS, AMERICAN MEDICAL SUPPLY CORPORATION, and CIRCLE MEDICAL MANAGEMENT CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

DOCKETED
MAR 0 5 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Anil K. Bidani M.D. (Bidani) brings this *qui tam* action pursuant to the False Claims Act, 31 U.S.C. 3729. Defendants Edmund J. Lewis (Lewis). American Medical Supply Corporation (AMS), and Circle Medical Management Corporation (CMM) move for summary judgment. For the following reasons, their motion is denied.

## BACKGROUND

The facts and procedural history of this case are contained in various prior opinions. Bidani v. Lewis et al., 1998 WL 1820753 (12/29/98); Bidani v. Lewis et al., 1999 WL 163503 (3/12/99); Bidani v. Lewis et al., 2001 WL 32868 (1/12/01); Bidani v. Lewis et al., 2001 WL 747524 (6/29/01); Bidani v. Lewis et al., 2001 WL 1609377 (12/14/01). Relevant to this motion, defendant AMS, wholly-owned by defendant Lewis, is a corporation engaged in the business of selling medical supplies. AMS paid Abbot Laboratories and Baxter Healthcare Corporation to provide supplies and equipment to dialysis patients and then submitted claims to Medicare for reimbursement. Abbot and Baxter gave AMS discounts and rebates from the list prices

2/15

it charged for supplies. AMS did not report receiving these discounts in its claims to Medicare.

One count of the complaint remains. Bidani alleges that the supply discounts received by defendants were illegal kickbacks under the Social Security Act, 42 U.S.C. 1320a-7b. He asserts that the alleged violation of the anti-kickback statute was material in the government's treatment of the Medicare reimbursement claims and as such the submissions violate the False Claims Act, 31 U.S.C. 3729, *et. seq.*

## DISCUSSION

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We draw all inferences and view all admissible evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

During the relevant time period, Medicare's anti-kickback statute (AKS) prohibited receiving remuneration for purchasing supplies that are reimbursable. 42 U.S.C § 1320a-7b(b)(1). Discounts are considered remuneration unless "the reduction in price is properly disclosed and appropriately reflected in the costs claimed or charges made by the provider." 42 U.S.C. 1320a-7b(b)(3)(A). The False Claims Act (FCA) prohibits knowingly presenting a false or fraudulent claim for payment or approval to the government. 31 U.S.C. § 3729(a)(1).

Bidani's FCA claim is premised on a theory of implied certification. Under this theory "a claim made in contravention of statutory or regulatory requirements may be deemed 'false' under the FCA in cases where the defendant's certification of compliance with the statutes and

regulations in question is a condition of receiving funds from the Government." Mikes v. Straus, 84 F.Supp.2d 427, 434 (S.D.N.Y. 1999), *citing* Luckey v. Baxter Healthcare Corp., 2 F.Supp.2d 1034, 1045 (N.D.Ill. 1998), *aff'd* 183 F.3d 730, 732 (7th Cir. 1999), *cert. denied*, 528 U.S. 1038. To succeed, Bidani must show that the alleged AKS violation was material to the government's treatment of defendants' Medicare claims. Luckey., 183 F.3d at 732. Defendants move for summary judgment on the grounds that Bidani has failed to offer evidence to satisfy this materiality requirement.[1]

Courts have split over whether the FCA materiality element requires a showing of outcome materiality (that a falsehood or misrepresentation affects the government's ultimate decision to remit fund) or claim materiality (that the misrepresentation is material to a defendant's claim of right). *See generally* U.S. v. Southland Management Corp.; 288 F.3d 665, 675-6 (5th Cir. 2002). In addressing this issue the Seventh Circuit leans toward an outcome materiality definition, stating that an omission must be "material to the government's buying decision." Luckey, 183 F.3d at 732. The courts in this district have followed suit. Sharp v. Consolidated Medical Transport, Inc., 2001 WL 1035720, *8 (N.D.Ill. 2001) (must show that the goal was to convince the government to pay claims it would not otherwise have paid); King v. F.E. Moran, Inc., 2002 WL 2003219 *10 (N.D.Ill. 2002) (the issue is whether the government would have paid or even allowed defendant to keep its contract if it had known of the alleged fraud).

But even knowing that the more stringent outcome materiality test applies, we are still

---

[1] Defendants also argue that plaintiff has not adequately plead materiality in his amended complaint. This issue was raised in defendants' motion for judgment on the pleadings and rejected by Judge Hart in Bidani v. Lewis, et al, 2001 WL 1609377, *6-7. There is no new information that requires us to alter that ruling. *See* Williams v. Commissioner of Internal Revenue, 1 F.3d 502 (7th Cir. 1993).

left with the task of flushing out what evidence would suffice to satisfy the element. Since there was no disclosure, how the government would have treated defendants' individual claims is a hypothetical question. So we turn instead to the inquiries of whether compliance with the AKS was so important to the Medicare reimbursement process or so central to Medicare reimbursement agreements that compliance with the AKS was a condition of reimbursement so that failure to disclose non-compliance resulted in wrongful payments.

In support of their motion, defendants submit commentary for 1992 amendments to the Medicare program setting caps for reimbursement for the supplies at issue in this case. *See* 42 CFR, part 414 (effective 12/17/1992). The commentary discusses findings by the Office of Inspector General for the Department of Health & Human Services (OIG) and the Health Care Financing Administration (HCFA), which recognize that the government does not have access to suppliers costs and that real costs are often lower than the set caps. Defendants assert that these comments show that failure to disclose the discounts was not material since the government payment amount would have been the same regardless of the actual cost of the supplies.[2] But defendants misread the allegations against them. They are not accused merely of failing to report discounts that lowered their actual supply costs, but rather of submitting claims for supplies for which they received illegal kickbacks. It is the statutory violation that is the basis for the FCA claim, not overpayment.

The government has entered a statement of interest in this case, arguing that since AKS is a critical provision of the Medicare statute, compliance with it is material to the government's treatment of claims for reimbursement. We agree. The AKS criminalizes

---

[2]These are the same comments submitted in defendants' motion for judgment on the pleadings and rejected by Judge Hart as inconclusive. Bidani, 2001 WL 1609377, *6.

receiving remuneration intended to affect decisions to purchase supplies for which payment may be made under Medicare. 42 U.S.C § 1320a-7b(b)(1). Those convicted under the AKS they are barred from participating in the federal health care program. 42 U.S.C. § 1320a-7(a)(1). Compliance with the AKS is thus central to the reimbursement plan of Medicare. To state otherwise would be to allow participation and reimbursement for supplies purchased illegally only because the claimant had the luck of not being caught and convicted in the first place. Reimbursing a claimant for the supplies would put the government in the position of funding illegal kickbacks after the fact. This situation exemplifies the "inducing wrongful payment" test for determining materiality contemplated in Luckey, *supra.*

Having found that the alleged AKS violation is material to the government's treatment of defendants' reimbursement claims, we leave to a trier of fact the remaining elements of the FCA claim, including the question of whether the discounts violate the AKS.[3]

## CONCLUSION

For the above reasons, defendants' motion for summary judgment is denied.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

March 4, 2003.

---

[3] Although not raised in their motion for summary judgment, defendants devote much of their reply brief to arguing that Bidani has also failed to support his allegations that the discounts violated the AKS. As explained by Judge Hart, "[i]t can reasonably be inferred that Lewis (and AMS) were aware of the remuneration prohibition and that discounts were illegal remuneration absent disclosure. Therefore, a genuine factual dispute exists as to whether defendants knowingly and willfully violated the anti-kickback statute and the FCA." Bidani 2001 WL 747524, *7.