## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 6502 | **DATE** | 5/16/2003 |
| **CASE TITLE** | U.S.A. ex rel: Bidani etc. Vs. Edmund J. Lewis et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion in limine is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 19 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 224 |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**MAY 1 9 2003**

THE UNITED STATES OF AMERICA, ex rel. )
ANIL K. BIDANI, M.D., )
)
      Plaintiff, )
)
vs. ) No. 97 C 6502
)
EDMUND J. LEWIS and AMERICAN )
MEDICAL SUPPLY CORPORATION, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Anil K. Bidani M.D. (Bidani) brought this *qui tam* action pursuant to the False Claims Act, 31 U.S.C. 3729, alleging that dialysis supply discounts received by defendants were illegal kickbacks under the Social Security Act, 42 U.S.C. 1320a-7b. Defendants now bring a pretrial motion to bar the testimony of Larry Day. For the following reasons, their motion is denied.

In September 1999, defendants sought to quash a subpoena seeking the deposition of Larry Day, a consultant in the dialysis field. They argued at that time that Day's testimony was irrelevant since the claim against defendants concerns conduct that took place between 1991 and 1994, and Day had no knowledge of any events after 1989. Bidani's counsel represented at that time that Day did have relevant knowledge subsequent to 1989. Judge Hart denied the motion to quash and, on November 19, 1999, Bidani took a videotaped deposition of Day. Day testified that his knowledge regarding dialysis supply practices was limited to the time period prior to 1990, and that he had no personal knowledge of the defendants' activities (*Day dep. at 22-23, 52-54*).

224

Defendants assert that the deposition went forward only to determine whether Day had knowledge concerning the 1991-1994 time period, and argue that since no information in that time period was found the remaining testimony must be irrelevant. But the issue currently before us is broader than defendants' argument. In considering this motion *in limine*, we ask whether the deposition testimony sought to be barred is clearly inadmissable for any purpose. Aquino v. Automotive Service Industry Association, 93 F.Supp.2d 922. 923 (N.D.Ill. 2000). We answered that question in the negative in our opinion of September 19, 2002, Bidani 2002 WL 31103459, *2, finding that Bidani had offered sufficient reasons for admitting the testimony. Defendants have now had a chance to respond to those arguments, and we examine the proposed testimony again.

To succeed on his claim, Bidani will have to show that defendants' receipt of discounts on its acquisition of supplies were remuneration in violation of Medicare's anti-kickback statute (AKS), 42 U.S.C § 1320a-7b(b)(1). He will also have to show that defendants presented their claims to Medicare seeking reimbursement for those supplies, knowing that they received the discounts as wrongful remuneration. 31 U.S.C. § 3729(a)(1). We recognize that Day's testimony does not concern specific conduct attributable to defendants. It does offer some view, however, into what was known in the dialysis industry regarding charges for supplies and how these charges were reported in the years leading up to the allegations. These general practices are potentially relevant to show defendants' knowledge of whether charges for supplies were reasonable or financially risky in light of the amount that would be recouped from Medicare, and could possibly shed light on whether defendants knew of the alleged implications of the discounts they were receiving. This is enough to survive under the minimal

motion *in limine* standard.

For the above reasons, defendants' motion *in limine* is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 16, 2003.